# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ASHANTE NEWBERRY                                                                    PETITIONER

v.                                                                       No. 2:11CV17-MPM-JMV

RON KING, ET AL.                                                                   RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Ashante Newberry for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

## Facts and Procedural Posture

Ashante Newberry is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted in DeSoto County Circuit Court for one (1) count of sale of cocaine. Newberry was sentenced as a subsequent and habitual offender to serve a term of sixty (60) years in the custody of the Mississippi Department of Corrections. *See* S.C.R., Vol. 1, pp. 95-96. Newberry appealed his conviction and sentence to the Mississippi Supreme Court, raising the grounds for relief (as stated by appellate counsel):

    A.    Whether the State's purposeful exclusion of black jurors violated *Batson v. Kentucky* and thereby denied your defendant a fair trial?

    B.    Whether the State violated your defendant's rights by going into "other" bad acts not charged in the indictment?

    C.    Whether the State denied your defendant a fair trial by improper comments, remarks, opinions, and beliefs in its closing argument?

D.  Whether the court abused its discretion in allowing hearsay into evidence?

On December 8, 2008, the Mississippi Court of Appeals affirmed Newberry's conviction and sentence. *Newberry v. State,* 19 So. 3d 752 (Miss. Ct. App. 2008), *reh'g denied*, May 26, 2009, *cert. denied*, October 22, 2009 (Cause No. 2007-KA-00875-COA).

Newberry filed a *pro se* "Application for Leave to Proceed in the Trial Court" along with a "Motion for Post Conviction Relief" in the Mississippi Supreme Court on September 15, 2010. He set forth the following grounds for relief in a section entitled "Concise Statements of the Claim and Grounds Upon Which this Motion is Based" within the motion (as stated by petitioner *pro se*)[1]:

A.  There is newly discovered evidence to demonstrate the State never had evidence of an informer in cocaine sales and never attempted to call alleged confidential informer or attempted to provide defense with such exculpatory evidence.

B.  The habitual and second and subsequent drug offender portion of the indictment, charging Newberry as a habitual offender and second and subsequent offender under Miss. Code Ann. § 99-19-81, and Miss. Code Ann. § 41-29-147, is defective and void where the indictment failed to charge, and the State failed to introduce proof of, the element of the dates of the judgment in the prior convictions.

C.  Petitioner Newberry was subjected to ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

>    1. Counsel failed to interview and investigate the confidential informant Ronnie Tunstall who would have provided evidence to demonstrate that he did not participate in any drug informant procedures as the state asserted and that he did not know Danny Wilkey and did not carry Wilkey to the address on the date in which the state charged.
>
>    2. Counsel failed to seek and secure discovery from

---

[1]The individual claims of ineffective assistance of counsel are taken from the argument contained in petitioner's motion. *See* S.C.R. in Cause No. 2010-M-1494, p. 37.

>the state and secure the witness list. Counsel also failed to make an inquiry as to why the state never called Tunstall to trial since Tunstall, according to the state's case, was the confidential informant and was present at the drug transaction and witnessed same.
>
>3. Counsel failed to object to the sentence being imposed where the law required the indictment to assert the dates of judgment in the prior convictions, and to specify that such dates were, in fact, dates of judgments and not dates of conviction and/or sentencing.

> D. Newberry suffered cumulative error which caused him to be deprived of his Constitutional right to a fair trial, in violation of the 5th and 6th Amendments to the United States Constitution.

On November 16, 2010, the Mississippi Supreme Court denied the application:

Newberry asserts that he has newly discovered, exculpatory evidence, that his indictment was defective and that he was subjected to ineffective assistance of counsel. After due consideration, the panel finds that these issues, with the exception of the ineffective assistance of counsel claim, could have been raised on direct appeal. This Court will not consider claims that were capable of being raised at trial and/or on direct appeal. Miss Code Ann. § 99-39-21(1). Therefore, those claims are procedurally barred.

Notwithstanding the procedural bar, Newberry's claim of newly discovered evidence and the related claim of ineffective assistance of counsel fail on the merits where the evidence is not "of such nature that would be practically conclusive that had it been introduced at trial it would have caused a different result in the conviction or sentence." Miss Code Ann. § 99-39-5(2) and 99-39-27(9).

*Newberry v. State*, (Cause No. 2010-M-01494) (Mississippi Supreme Court, order of November 16, 2010).

In the present petition, Newberry raises the following grounds (as stated by petitioner[2]):

**Ground One**: There is newly discovered evidence to demonstrate the State never had evidence of an informer in cocaine sales and never attempted to call alleged

---

[2] For the sake of brevity and clarity the court has summarized the individual claims of ineffective assistance of counsel listed in Ground Three.

- 3 -

confidential informer or attempted to provide defense with such exculpatory evidence.

**Ground Two**: The habitual and second and subsequent drug offender portion of the indictment, charging Newberry as a habitual offender and second and subsequent offender under Miss. Code Ann. § 99-19-81, and Miss. Code Ann. § 41-29-147, is defective and void where the indictment failed to charge, and the State failed to introduce proof of, the element of the dates of the judgment in the prior convictions.

**Ground Three**: Petitioner was subjected to ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

> 1. Counsel failed to interview and investigate the confidential informant Ronnie Tunstall who would have provided evidence to demonstrate that he did not participate in any drug informant procedures as the state asserted and that he did not know Danny Wilkey and did not carry Wilkey to the address on the date in which the state charged.
>
> 2. Counsel failed to seek and secure discovery from the state and secure the witness list. Counsel also failed to make an inquiry as to why the state never called Tunstall to trial since Tunstall, according to the state's case, was present at the drug transaction and witnessed same.
>
> 3. Counsel fail to object to the sentence being imposed where the law required the indictment to assert the dates of judgment in the prior convictions, and to specify that such dates were, in fact, dates of judgment and not dates of conviction and/or sentencing.

**Ground Four**: Ashante Newberry suffered cumulative error which caused him to be deprived of his Constitutional right to a fair trial, in violation of the 5th and 6th Amendments to the United States Constitution.

Newberry has exhausted his state court remedies as to all of the issues raised in the instant petition.

## Procedural Default

Newberry's claims in Grounds One, Two and Ground Four of this federal *habeas corpus* petition were raised in Newberry's motion for post-conviction relief and held to be procedurally barred by the Mississippi Supreme Court under Mississippi Code Section 99-39-21(1) (the contemporaneous

objection rule).³ As such, this court may not review the claims in a *habeas corpus* proceeding. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal *habeas* is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). Section 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar applied to Newberry's claims in state court depends on "whether Mississippi has strictly or regularly applied it." *Id*. (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). However, the petitioner, Newberry, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. Mississippi appellate courts regularly and consistently apply the contemporaneous objection rule as a bar to appellate or post-conviction review. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992), *see also Day v. King*, 2006 WL 2541600, at *4 (S.D. Miss. August 31, 2006) (No. 1:03-cv-624-DMR-JMR)(for a list of Mississippi cases holding issues procedurally barred for failure to lodge a contemporaneous objection or present the issue to the trial court.) Newberry has not shown that Mississippi has inconsistently and irregularly applied the contemporaneous objection rule and has, therefore, defaulted his federal claim in state court. *Id*. at 861.

---

³Mississippi Code Section 99-39-21(1) states: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver." *See* Miss. Code Ann. § 99-39-21(1).

The court could, however, review the claims despite the default if Newberry could demonstrate cause and actual prejudice for the default. *See Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). To prove adequate cause for the default, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Valid examples of reasons constituting *cause* to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). Though cause for a procedural default may be grounded in attorney error:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, *supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. at 488.

While Newberry argued ineffective assistance of counsel with regard to certain of the barred claims in his state court pleadings, the state court determined that all of Newberry's claims of ineffective assistance of counsel were without merit. As discussed in detail below, this court also holds that Newberry's counsel performed adequately. As such, Newberry cannot establish cause for his default based on ineffective assistance of counsel. Since Newberry fails to establish cause, the court need not consider whether Newberry suffered actual prejudice. *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

The court could also review the merits of these claims if Newberry could show that application of the default would result in a fundamental miscarriage of justice – an exception confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit

the crime of conviction." *Fairman*, 188 F.3d at 644 (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To prove actual innocence, the Newberry must produce new, reliable evidence that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Newberry has produced no new evidence to establish his innocence; as such, the court need not consider Grounds One, Two and Four of the instant petition on the merits.[4] For these reasons, the court may not consider Newberry's claims in Grounds One, Two, and Fourt because Newberry defaulted them in the courts of Mississippi.

### Ground Three – Ineffective Assistance of Counsel: Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Ground Three on the merits and decided those issues against Newberry; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[4]Though Newberry raises a claim of "new evidence" in Ground One (proposed testimony by an uncalled witness), this claim was discoverable prior to trial. The witness in question was not only listed in the prosecution's discovery, but was also subpoenaed by the State at trial. Newberry could have called him as a trial witness had he chosen to do so.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground Three of the petitioner's claim.

Nevertheless, under § 2254(d)(2) Ground Three may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing

evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, Newberry has failed to meet this burden; as such, he cannot use subsection (d)(2) to move this claim beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

Newberry raises three claims of ineffective assistance of trial counsel in Ground Three. The Mississippi Supreme Court reviewed these claims of ineffective assistance counsel in post-conviction proceedings and found them to be without merit. To prove his claim of ineffective assistance of counsel, Newberry must satisfy the two-prong test set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984) by showing both constitutionally deficient performance by counsel and actual prejudice to his legal position as a result. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). Newberry must establish both prongs of the *Strickland* test to prove his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds). Moreover, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), to analyze the claims of ineffective assistance of counsel in Ground Three, the court must consider not only whether the state court's determination was incorrect – but also whether it was also unreasonable. *Knowles v. Mirzayance,* 129 S.Ct. 1411, 1420 (2009) (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). As set forth below, the state court's decision rejecting Newberry's claims of ineffective assistance of counsel was a reasonable application of *Strickland.*

Under the deficiency prong of the *Strickland* test, Newberry must prove that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Counsel's performance is considered deficient if "it falls

below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. Newberry "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). The court must base its decision upon facts as they were known at the time, and avoid the temptation to use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988); *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994).

In any event, Newberry has not satisfied the prejudice prong of the test because he has not shown that the result of the proceedings would have been different – or that his attorney's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Strickland*, 466 U.S. at 687, 694. *See also Mayabb v. Johnson,* 168 F.3d 863, 869 (5th Cir. 1998); *Goodwin v. Johnson,* 132 F.3d 162, 170 (5th Cir. 1998). A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Moawad v. Anderson, supra.* Newberry must affirmatively plead this resulting prejudice. *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). Newberry has not met either prong of the *Strickland* test.

### The Merits of Newberry's Ineffective Assistance of Counsel Claims

Newberry raises three claims of ineffective of assistance of counsel – two of which center on the confidential informant, Tunstall. First, Newberry claims that counsel was ineffective for failing to interview Tunstall and further investigate his statement. Newberry alleges that Tunstall would have testified that he did not participate in the investigation or take Detective Wilkey, the investigating officer, to the place where the drugs were sold. Newberry also claims that counsel failed to "seek and secure discovery from the State" – and failed to secure a witness list from the state. He also argues that counsel erred because he did not determine why the State did not call Tunstall.

Newberry's claim that counsel failed to seek discovery or a witness list from the State are flatly contradicted by the record. Though the confidential informant, Tunstall, was not listed in the State's initial discovery, Newberry's trial counsel filed a "Motion to Compel Disclosure of Informant," S.C.R. Vol. 1, p. 64, as well as a request for a continuance for "time to investigate." S.C.R. Vol. 1, p. 42.

Tunstall's name was also listed in supplemental discovery provided to the defense, as well as a summary of the police report giving details of Tunstall's role in the matter. *Id.* at pp. 50-52. Thus, counsel not only investigated the name of the confidential informant from the State, but also obtained information regarding this witness provided in discovery – and a potential witness list. Indeed, though not a necessary witness for the State, the State subpoenaed him as a trial witness. S.C.R. Vol. 1, p. 64. Newberry's attorney also stated on the record that the State provided him with full discovery, including information regarding the confidential informant. S.C.R. Vol. 2, p. 82.

"[C]omplaints of uncalled witnesses are not favored in federal *habeas corpus* review because allegations of what a witness would have testified are largely speculative." *Sayre v. Anderson,* 238 F.3d 631, 635-36 (5th Cir. 2001) (citations omitted). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). *See also*; *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citations omitted) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal *habeas* proceeding.") Newberry has not stated a valid claim for federal *habeas corpus* relief regarding this claim of ineffective assistance of counsel.

To prove a claim that counsel erred by choosing not to call Tunstall, Newberry must "demonstrate that the witness was available to testify and would have done so, set out the content of

the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *see also Woodfox v. Cain,* 609 F.3d 774, 808 (5th Cir. 2010). Newberry's bare assertions cannot establish this claim, particularly since discovery provided by the State reflects Tunstall's participation and there is nothing before this Court to the contrary. Although Newberry mentioned an affidavit from Tunstall in his state court post-conviction pleadings, there was no affidavit attached to Newberry's pleading in state court; nor was there any further evidence presented to the state court – or this court – contrary to the evidence in the record.

In addition calling Tunstall to the stand could well have led to testimony devastating to Newberry's defense, given Tunstall's part in introducing police to Newberry. Further, such testimony could well have opened the door for the State to explore whether Tunstall knew of any additional cocaine sales made by Newberry. Newberry's assertions as to what Tunstall's testimony might have been is speculative, at best, contrary to police reports, and had the potential to cause devastating damage to his defense. The court will not second-guess defense counsel's decision not to call Tunstall as a witness, it does not appear that such testimony would have caused a different outcome to the proceedings. As such, Newberry has shown neither deficiency nor prejudice in counsel's actions with regard to this claim of ineffective assistance of counsel.

Newberry also claims that counsel was ineffective in failing to object to the sentence imposed. He believes that counsel should have objected to the sentence "where the law required the indictment to assert the dates of judgment in the prior convictions, and to specify that such dates were, in fact, dates of judgment and not dates of conviction and/or sentencing." ECF Doc. 1, p. 38. The record reveals, however, that the indictment contains the dates of the judgments of two previous convictions.

Again, the record belies Newberry's claims.

The trial court imposed a proper sentence upon Newberry as a subsequent offender and under Miss. Code Ann. § 41-29-147[5] and as a habitual offender under Miss. Code Ann. § 99-19-81[6] based on the prior convictions – set forth in detail in his indictment – and discussed during sentencing. The indictment charged Newberry as a subsequent and habitual offender, specifically setting forth two prior convictions: (1) "Possession of Cocaine on 06/14/02 in Cause No. CR 2001-694-R(D) in the Circuit Court of Desoto County, Mississippi; and sentenced on 06/14/02 to serve a term of thirty-six months in the Mississippi Department of Corrections suspended;" and (2) Possession of Cocaine on 06/14/02 in Cause No. CR 2001-699-R(D) in the Circuit Court of DeSoto County, Mississippi; and sentenced on 06/14/02 to serve a term of seventeen (17) months in the Mississippi Department of

---

[5]Miss. Code Ann. § 41-29-147 provides:

> "Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term of up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
> For purposes of this section, an offense is considered a second or subsequent offense if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs."

[6]Miss. Code Ann. § 99-19-81 provides:

> "Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Corrections followed by nineteen (19) post release supervision." S.C.R. Vol. 1, pp. 7-8. Despite petitioner's contention to the contrary, his indictment clearly set forth the dates of the convictions and sentences. The State set forth in the indictment the necessary convictions to support both the subsequent and habitual offender enhancements. *See* Miss Code Ann. § 41-29-147; Miss. Code Ann. § 99-19-81; *see also* UCCCR 11.03. The State also presented evidence of these prior convictions at sentencing. S.C.R. Vol. 3, pp. 252-270. Indeed, the trial judge found that the appropriate certified documents were presented to support the subsequent offender and habitual offender charges. *Id.* at p. 270-271. The trial judge then stated on the record his additional reasons for imposing the maximum sentence. *Id.* at pp. 270-275. Counsel simply had no basis with which to interpose an objection to the sentencing. As such, Newberry can show neither deficiency nor prejudice in counsel's actions and cannot meet either prong of the test set forth in Strickland. *See, e.g., Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.")

## Ground Four – Cumulative Error

Newberry raises in Ground Four a claim of cumulative error. As all of Newberry's claims are either procedurally barred, lack substantive merit, or both, his claim of cumulative error must be dismissed. "Ineffective assistance of counsel claims cannot be created from the accumulation of acceptable decisions and actions." *United States v. Hall,* 455 F.3d 508, 520 (5th Cir. 2006).

A federal court must not disturb a state court's application of law to facts unless the state court decision was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. The state court's decisions as to Grounds Three and Four of the instant petition, did not "result[] in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1); *see also Gachot v. Stalder,* 298 F.3d 414, 421 (5th Cir. 2002). Accordingly, Newberry is not entitled to relief based upon his claims in those grounds.

In sum, all of the grounds for relief in the instant petition for a writ of *habeas corpus* are either without merit or procedurally barred, and the petition will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 10th day of February, 2014.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**